# CIRCUIT COURT OF NORTHUMBERLAND COUNTY

Bluegreen Properties
of Virginia

v.

Virginia Marine
Resources Commission

June 24, 1999

BY JUDGE JOSEPH E. SPRUILL, JR.

This is an appeal pursuant to the Administrative Process Act (Virginia Code § 9-6.14:1 *et seq.*; Rule 2A:1 *et seq.*) challenging a decision of the Virginia Marine Resources Commission, which denied the application of Bluegreen Properties of Virginia for a permit to construct a community pier. Bluegreen contends there was not substantial evidence to support the Commission's decision and that it was arbitrary and capricious.

The review by this Court, pursuant to the APA, is based solely on the record established at the hearing before the Commission. We must ascertain whether there is evidence in the record to support the Commission's decision. In doing so, we accord a high standard of deference to the findings of the Commission. The Commission denied the application because of its negative impacts on adjacent properties and its potential adverse effect on the marine resources of the Commonwealth.

Evidence is "substantial" if a reasonable mind might accept the relevant evidence in the record as adequate to support the conclusion reached by the Commission. The Court may reject the Commission's findings of fact only if, considering the record as a whole, a reasonable mind would necessarily come to a different conclusion. *Virginia Real Estate Comm'n v. Bias*, 226 Va. 264 (1983). The Commission's decision is presumed to be valid. Its factual findings come with a presumption of regularity, and the Court is required to take due account of the Commission's specialized expertise as well as the underlying purposes of the statute. Virginia Code § 9-6.14:17. Of course, the

Court may not substitute its own independent judgment for that of the Commission unless, considering the record, reasonable minds would necessarily come to a different conclusion.

Bluegreen contends that there is no evidence in the record indicating the pier would have an adverse effect on marine resources or adjacent properties. There is substantial evidence, it says, indicating that there would be no such adverse impacts. It argues that the concerns expressed by the adjacent property owners were found by the Commission's staff to be adequately resolved with the conditions imposed by the Northumberland County Board of Supervisors which approved the project upon such conditions. It states that the Virginia Department of Health did not object; that the Virginia Institute of Marine Science determined that impacts from the project would be "minimal"; and that no other agency objected to the issuance of the permit. Finally, it claims that although there should be substantial evidence to support the Commission's actions, its decision in this case has no evidentiary support whatever. The Commission denied its application, says Bluegreen, with no evidence — none — which would support a conclusion that the pier would adversely impact either adjacent property owners or marine resources. Thus, it claims the Commission's decision was arbitrary and lacking in substantial evidential support.

The Commission's response is that it has the responsibility to protect proprietary interests of the Commonwealth (in this case the state-owned bottom land over which this pier would cross) for the benefit and general welfare of the people of the Commonwealth. In considering whether to grant any private right over public lands, it must balance the public and private benefits of the proposed project. In granting the permit at issue here, the Commission argues, it must first determine that the private benefits outweigh any public detriment.

The major thrust of the Commission's argument is its concern over a policy of approving a private community pier remote from the community it serves. The location of the pier at issue would not be within the confines of the subdivision being developed by Bluegreen, but on a lot it owns some distance away, and this fact, more than any other, seems to trouble the Commissioners.

Because this matter has been before the Commission on two prior occasions and the participants at the October 1998 hearing frequently referred to these earlier proceedings, the record is not altogether clear as to what evidence actually was before the Commission. There was, in fact, no evidence of any adverse environmental consequences resulting from the proposed project, nor was there evidence of any adverse effects on marine life. The record does indicate that the overriding concern of the Commission was that

Bluegreen sought permission to construct a pier not within its subdivision but at a remote location where the burdens of the pier, if any, would be imposed not on residents within the subdivision but on the residents of three houses which are not a part of the subdivision that were established long ago. The Commission is mandated to consider, in requests for permits over state-owned bottom land, the effect on adjacent or nearby properties. Virginia Code § 28.2-1205(A)(4).

The Court does not find from this record that the Commission acted arbitrarily or without evidence to support its decision. The location of the proposed pier, the location of the subdivision, and the location of the adjacent properties is uncontroverted. The three adjacent property owners objected. The Commissioners took these factors into consideration, as they should have.

It does not appear that the Commission considered the proposed pier (a relatively small one as piers go) to be a significant environmental hazard. Rather, its concern was for the policy of granting a permit for a community pier that was not actually within the community. Whether granting the request would be in fact tantamount to establishing a policy and whether such policy would have the potential for great harm, I cannot say. But to have such concerns and to take such precaution seems not to be, under the circumstances here, either arbitrary or capricious.

For these reasons, the Commission's decision will be affirmed.